**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

Southern District of New York
Jennifer L. Brown
*Attorney-in-Charge*

May 6, 2019

**BY ECF**
Honorable Richard M. Berman
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 17B
New York, New York 10007

Re:   United States v. Christian Toro, 18 CR 218 (RMB)
      (Sentencing Memorandum of Mr. Christian Toro)

Dear Judge Berman:

I write on behalf of my client Christian Toro. Mr. Toro has pled guilty pursuant to three counts, all of which are grouped because they involve the same action: (i) conspiracy to manufacture and possess a destructive device (18 U.S.C. § 371); (ii) unlawful manufacture of a destructive device (26 U.S.C. §§ 5822, 5861, 5871); and (iii) unlawful possession of a destructive device (26 U.S.C. §§ 5861(d), 5871). For the reasons below, we respectfully request that Mr. Toro be sentenced to the 15 months in custody already served and three years of supervised release, along with drug and mental health counseling.

This case is a tragedy. As set forth in his own letter to the Court and the support letters of a dozen friends and family attached hereto, Christian Toro is a good, respectful man with many fine qualities who worked hard all his life to make his parents and community proud. And, until about three years ago, he was a success. He excelled academically, obtained Bachelor and Master degrees in education, and became a science and math teacher in New York. Starting in 2016, however, Mr. Toro experienced a string of severe personal setbacks. Suffering from anxiety and depression as a result, and self-medicating through alcohol and marijuana, Mr. Toro, as he put it, "fell down a rabbit hole." Showing remarkably poor judgment, he and his twin brother, who had always been interested in such matters because of their father's military and law enforcement background, began trying to build an explosive device. It must be stressed they did this for no particular reason, and had no intention of actually using the device or harming anyone with it. Nevertheless, now that he is clean and sober, Christian recognizes that his actions put his family and neighbors in danger, and is appalled and remorseful for what he did.

The Court should recognize that this is not a terrorist incident. Mr. Toro has no

Honorable Richard M. Berman  May 6, 2019
United States District Judge  Page 2 of 9
Southern District of New York

Re:   United States v. Toro, 18 Cr. 218 (RMB)

criminal history and is not in the grip of any ideology, hatred, or desire to harm. Mr. Toro actions were incredibly stupid and showed remarkably poor judgment, but the 15 months he has spent in prison, together with the severe and lasting negative effects his actions have visited upon his family, his reputation, and his employment opportunities and future, is sufficient punishment here. Mr. Toro needs more counseling, not more prison time. A sentence of 15 months, followed by supervised release and counseling, fully accords with the sentencing factors and parsimony principle that guides federal sentencing.

## BACKGROUND

The facts summarized below are set forth in greater detail in the Department of Probation's Pre-Sentence Report ("PSR"); the neuropsychological examination, evaluation, and report of Elise Caccappolo, Ph.D., ABPP-CN, a Board Certified Clinical Neuropsychologist at Columbia University Medical Center (**Exhibit A**); Christian Toro's Letter to the Court (**Exhibit B**); dozen Letters of Support submitted by Mr. Toro's friends and family (**Exhibit C**); and a number of certificates that Mr. Toro has earned over the years (**Exhibit D**).

### Christian Toro

Christian Toro is 28 years old, and was born and raised in Bronx, New York, together with his twin brother, Tyler. Christian's father, Richard Toro, served in the Army, followed by time in the National Guard and in law enforcement. Richard Toro is currently an administrator for Veterans' Affairs. PSR ¶¶57-58; Richard Toro Letter to Court (Ex. C). Christian's mother, Carmen Melendez, is a paralegal for a family-owned real estate business, Houlihan Parnes Properties. PSR ¶¶57-58; Carmen Melendez Letter to Court (Ex. C). While his parents had to work hard and on the weekends to try and make ends meet, they always put a roof over their children's heads and food on the table. PSR ¶ 58.

Christian Toro's parents divorced when he was nine years old. While his father remained a presence in his life, the divorce devastated him for a time. PSR ¶¶ 59-60; Christian Toro Letter to Court (Ex. B). He found solace in spending time with his twin brother, and in academic achievement. Growing up, Christian excelled in school. He had no history of disciplinary problems, was well liked by his teachers, had plenty of friends, and pursued various interests, including music, cooking, science, and math. PSR ¶¶ 61-62, 70; Letters from Carmen Melendez, Eve Melendez, Michael Toro, and Michael P. Schwartz to Court (Ex. C).

After high school, Christian enrolled at SUNY Albany, making the Dean's List

Honorable Richard M. Berman                          May 6, 2019
United States District Judge                            Page 3 of 9
Southern District of New York

Re:     United States v. Toro, 18 Cr. 218 (RMB)

both semesters of his freshman year and was presented with the Spellman Achievement Award in recognition of his academic success (Ex. D). He then transferred to Stony Brook University to be with his twin brother, where he continued to work hard and succeed academically. He was a Peer Advisor his sophomore and junior years, worked as a Resident Assistant his junior and senior years, and was a member and Vice President of the Golden Key International Honor Society. In 2012 he graduated from SUNY with a Bachelor's degree in sociology and philosophy and a GPA of 3.58 (Ex. D).

Upon graduation, Mr. Toro applied to, and was accepted by Teach for America, a nonprofit organization that recruits outstanding college graduates to serve for at least two years in low-income communities. While he could have sought and obtained other positions, Christian wanted to give back to his community by serving in a public or public charter K–12 school in a disadvantaged location. While teaching full-time, Christian attended classes at Hunter College where he studied education, pedagogy, and administration, as well as subject curriculum for math and science, graduating with a Master's degree in education in June 2015.

Starting in 2016, Mr. Toro experienced a string of severe personal setbacks. After one-and-a-half years together, his girlfriend, Connie McNair a fellow teacher, broke up with him. This was no mere breakup. Christian and Connie had planned to move together to Rhode Island, so she could pursue a PhD. To that end, Christian had resigned from his teaching position at ▓▓▓▓▓▓ and given up the lease on his apartment. Now, he suddenly found himself with no job, no place to live, and no relationship. With no other choice, he moved in to his mother's apartment and, unsurprisingly, began suffering significant episodes of anxiety, panic and depression. *See* PSR ¶¶ 63, 66-69; Dr. Caccappolo Evaluation (Ex. A) at 3; Christian Toro Letter to Court (Ex. B) at 1. Then, in September of 2017, his maternal grandmother passed away. Her death shattered Christian further. He had always had a very close relationship with his grandmother, who was the person most responsible for raising him while his mother worked long hours. *See* PSR ¶ 67; Dr. Caccappolo Evaluation (Ex. A) at 3; Christian Toro Letter to Court (Ex. B) at 1.

Honorable Richard M. Berman  May 6, 2019
United States District Judge  Page 4 of 9
Southern District of New York

Re:   United States v. Toro, 18 Cr. 218 (RMB)



**The Offense Conduct**

Christian has always been interested in chemistry, science, and how things work. From his father, who was in the National Guard and loved the Fourth of July and fireworks, he and his brother gained an interest in fireworks and weaponry. Dr. Caccappolo Evaluation (Ex. A) at 2; PSR ¶ 62.



It must be stressed that nothing other than misplaced curiosity led to this conduct. Christian did not try to build a bomb in order to harm or hurt anyone. Mr. Toro has no criminal history and is not in the grip of any ideology, hatred, or desire to hurt or harm. As Mr. Toro stated to the Court at his plea allocution: "I just want you to know that I had no intention of using it, let alone on anyone or anything." PSR ¶ 37 (quoting plea allocution). Notably, that Christian viewed this activity as a kind of scientific pursuit, as opposed to a clandestine criminal act, is demonstrated by the fact that he actually hired and paid some of his school students to come to his home and help him break apart fireworks for their powder. *Id.* ¶ 27.

**The Advisory Guidelines Calculation and
the Department of Probation's Recommendation**

The advisory guidelines calculation is 37 to 46 months, based on a total offense

---

[1] Mr. Toro is also accused of entering into a physical relationship with one of his students during this low point in his life. PSR ¶ 54. We urge the Court not to let this impact the sentencing analysis because it is not one of the offenses at issue in this sentencing, and Mr. Toro is accused, not convicted, of this alleged offense.

| | |
|---|---|
| Honorable Richard M. Berman<br>United States District Judge<br>Southern District of New York | May 6, 2019<br>Page 5 of 9 |

Re:    United States v. Toro, 18 Cr. 218 (RMB)

level of 21, and a criminal history level of zero, resulting in a criminal history category of I.  PSR ¶¶ 52, 82.  The Department of Probation recommends a sentence of 42 months in prison, followed by three years of supervised release.  *Id.* at p. 23.

**Post-Arrest Conduct**

Mr. Toro was arrested on February 15, 2018, and has been continuously detained since that date, a current total of 15 months in prison.  PSR at p. 1.  He has incurred no disciplinary sanctions while in custody.  *Id.* ¶ 20.  To the contrary, Mr. Toro has been an exemplary prisoner.  He is an orderly in his housing unit, where he cleans and serves lunch each day.  *Id.* ¶ 71-72.  He also has volunteered to be a GED instructor while at the MDC, but has not yet received BOP approval.  *Id.*

**Mr. Toro's Remorse and Rehabilitation**

Mr. Toro never meant to harm anyone, and is deeply ashamed by his actions:

> The terror and pandemonium that swept through the community as a result of my actions brings me such discomfiture and shame. It was never my intention to cause such fear in any way, nor was it my intention to damage or destroy any property or structures, let alone harm any person. I am not a terrorist, but I do understand how my actions could be misconstrued to suggest that. …
>
> [Because of my abuse of alcohol and marijuana,] I increasingly found myself heading down a proverbial rabbit hole of conspiracy theories and hypervigilance. I was inundated with paranoid thoughts that now, with fifteen months of sobriety and clear thinking, seem bizarre. At the time, these thoughts made perfect sense to me. I now see that gathering and possessing the materials in question posed a significant risk to me, my family, and the general public. I am ashamed and deeply sorry. My lack of initiative with respect to my mental health is ultimately no one's fault but my own. If I had been in a better frame of mind, I do not think I would be here today.

Christian Toro Letter to Court (Ex. B) at 1.  Mr. Toro is now committed to seeking and accepting the help he needs to stay clean and sober, and is determined never to re-offend:

> I am, however, grateful for all the love and support that I have received from

Honorable Richard M. Berman  
United States District Judge  
Southern District of New York

May 6, 2019  
Page 6 of 9

Re:     United States v. Toro, 18 Cr. 218 (RMB)

>    my family and loved ones. I do not intend to become a burden to them nor let this experience dictate who I will become in the future. … Sobriety has been a gift of my incarceration, and I will need to focus on maintaining sobriety to lead a fulfilling life. I do not take these responsibilities lightly, especially the latter. I will need to attend meetings, get a sponsor, and maintain accountability with my family and sober peers. This has been an arduous experience for both me and my family, but I feel that with the aforementioned strategies, I will be able to successfully leverage this event and incorporate it into my life's journey. I am asking for your mercy and leniency at sentencing. I have so much more to offer my community, and I hope you give me an opportunity to prove my worth. Thank you.

*Id.* at 2.

As Dr. Caccappolo informs the Court, multiple factors make it likely that Mr. Toro will honor his promises to the Court and not re-offend. These factors also make treatment, not additional incarceration, the appropriate sentencing determination here:



Mr. Toro is blessed with persons who, having met and worked with him in the past and knowing the aberrant nature of his offense, are determined to help Mr. Toro once he is released from prison. *See, e.g.,* Charles D. Donohue II Letter to Court (Ex. C) at 2 ("If

Honorable Richard M. Berman  May 6, 2019
United States District Judge  Page 7 of 9
Southern District of New York

Re:     United States v. Toro, 18 Cr. 218 (RMB)

Christian wishes, I am more than happy to find him employment in the San Francisco Bay area whether I live, providing him a home until he can get back on his feet"); Jonathan Bruce Letter to Court (Ex. C) ("I would also be willing to provide employment references and/or possible employment" to Christian Toro).

In particular, we ask the Court to consider the words and story of Charles Donohue in considering Mr. Toro's situation. Mr. Donohue is a Senior Project Executive building hotels and commercial properties in the Silicon Valley and San Francisco. Charles D. Donohue II Letter to Court (Ex. C) at 1. He knows Christian because, from 2009-2014, he gave Christian an office job during school holidays and summer vacations, while Christian worked his way through school. *Id.* From their five years together, Mr. Donohue knows Christian, knows how "highly out of character" Christian's offending actions are, and knows Christian is guilty and remorseful and wants nothing more than "to put this behind him, learn the lessons coming out of his actions, and get back to a productive and successful life and career." *Id.* at 2. Mr. Donohue knows all of this not only because he knows Christian and his family, but because he too once broke the law and was given a second chance:

> I believe that an extended prison term will serve as a tremendous hardship for him and his family … I personally understand exactly what this means to a young life for when I was 18 years old I also did something very foolish, against the law and was caught. The system was flexible enough to allow me a second chance and I was admitted into what was called the "Brooklynn Plan" at the time. I was given seven years of supervised probation and was relieved after five years due to exemplary behavior. In the intervening 35 years I have lived an exemplary life never again finding myself facing any legal matters. I have built a successful career and have mentored many young men and women over the years. A prison sentence would not in the long run serve society if it did such harm to Christian as to cause him harm. Hopefully some other way might be found to properly penalize Christian for his actions.

*Id.* We ask that the Court give Mr. Toro a similar chance, and sentence him to the requested sentence of the 15 months already served in prison, together with three years of supervised release along with drug and mental health counseling.

**ARGUMENT**

In selecting a sentence, this Court takes as its "lodestar the parsimony clause of 18

Honorable Richard M. Berman  May 6, 2019
United States District Judge  Page 8 of 9
Southern District of New York

Re:   United States v. Toro, 18 Cr. 218 (RMB)

U.S.C. § 3553(a)." *United States v. Douglas*, 713 F.3d 694, 700 (2d Cir. 2013). That provision directs sentencing courts to "'impose a sentence sufficient, but not greater than necessary, to comply with' the factors set out in 18 U.S.C. § 3553(a)(2)," *i.e.*, "proportionality, deterrence, incapacitation, and rehabilitation." *Id.; see also, e.g., United States v. Ministro-Tapia*, 470 F.3d 137, 142 (2d Cir. 2006). This Court "may not presume that the Guidelines range is reasonable," but rather "must make an individualized assessment based on the facts presented." *Gall v. United States*, 552 U.S. 38, 50 (2007); *see also Nelson v. United States*, 555 U.S. 350, 352 (2009).

In Mr. Toro's case, an individualized assessment of the § 3553(a) factors supports a sentence of the 15 months already served in prison, together with three years of supervised release and along with drug and mental health counseling.

As far as appropriate punishment is concerned, Mr. Toro has spent the last 15 months in prison. Moreover, in arriving at a sufficient sentence, the Court should consider the additional, and likely permanent, consequences Mr. Toro faces as a result of his offense. As Mr. Toro tells the Court:

> I fully understand that my actions have consequences: they have created a haze of shame for my family, put a strain on my community and besmirched the reputation of my brother and me. Because of my poor choices, I will no longer be able to fulfill my passion of being an educator and will have to work extremely hard to acquire employment. I took advantage of the trust of my community and will take all of the necessary steps to earn back its respect.

Christian Toro Letter to Court (Ex. B); *accord* Charles D. Donohue II Letter to Court (Ex. C) at 2 (recognizing that "the loss of his credentials, his loss of accreditation for his vocation, and the loss of respect in the community, as well as those freedoms that he was afforded prior to his felony conviction, may have taken a bigger effect" upon Mr. Toro than additional prison time).

In particular, the immense impact upon Mr. Toro of there being no real possibility of his ever being a schoolteacher again cannot be overstated. Mr. Toro worked very hard his entire life to attend college and become a teacher. During college, he not only worked hard academically to make stellar grades, but worked a variety of jobs to help pay for his education and still owes a significant amount of educational debt. PSR ¶¶ 75-78; Letters from friends and family (Ex. C). Now, because of his poor choices, his dream career is dead, and Mr. Toro must start over from scratch.

Honorable Richard M. Berman  May 6, 2019
United States District Judge  Page 9 of 9
Southern District of New York

Re:    <u>United States v. Toro, 18 Cr. 218 (RMB)</u>

      As far as specific deterrence and rehabilitation are concerned, it is readily apparent that Mr. Toro has learned his lesson and will not reoffend. He is now 15 months clean and sober and is determined to get the help he needs in order to stay that way and pursue a law-abiding and exemplary life. Christian Toro Letter to Court (Ex. B) at 2. Dr. Caccappolo concurs. Based on her examination of Mr. Toro, she identifies him as an excellent candidate for rehabilitation and future success. Dr. Caccappolo Evaluation (Ex. A) at 4.

      As to general deterrence, Mr. Toro already has spent over a year in jail, will spend additional years on supervised release, has lost his accreditations and opportunity to be a schoolteacher, has lost the respect of his community, and forever will be branded a felon. This is more than enough to deter anyone that may be considering following in Mr. Toro's foolish footsteps.

## CONCLUSION

      For the reasons set forth above, we respectfully urge the Court to impose a sentence of the 15 months already served in prison, together with three years of supervised release and along with drug and mental health counseling.

      Respectfully submitted,

      /s/ Sabrina P. Shroff
      Sabrina P. Shroff
      Amy Gallicchio
      Assistant Federal Defenders
      Federal Defenders of New York
      (212) 417-8713

SPS/hls

cc:    AUSA Elizabeth A. Hanft
       Christian Toro